**Davis Polk**

Paul S. Mishkin
+1 212 450 4292
paul.mishkin@davispolk.com
davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

January 17, 2024

The Honorable Analisa Torres
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *McCrary v. Merrill Lynch, Pierce, Fenner & Smith Incorporated*, Case No. 1:23-cv-10768 (AT)

Dear Judge Torres:

We represent Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill") in the above-referenced action (the "*McCrary* Action"). Pursuant to Rule III.A of Your Honor's Individual Practices in Civil Cases, we respectfully submit this letter requesting a pre-motion conference regarding Merrill's anticipated motion to stay the *McCrary* Action pending resolution of the related action *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated*, Case No. 1:19-cv-07998 (VEC) (S.D.N.Y.) (the "*Valelly* Action"), which is currently pending before the Honorable Valerie E. Caproni. Merrill also respectfully requests that Your Honor stay Merrill's deadline to answer or otherwise respond to the complaint until 60 days after resolution of this motion or after the stay is lifted.

The *McCrary* Action is an extension of the earlier-filed *Valelly* Action. Both actions are brought by the same law firm and assert the same claims, arising from the same alleged wrong, against the same defendant; the *McCrary* Action merely covers a later time period. Ms. McCrary's complaint recognizes this (*see* ECF No. 1 ¶ 10), and she has identified the cases as "related" (ECF No. 2 at 1; ECF No. 4).[1] The *McCrary* Action should be stayed pending resolution of the *Valelly* Action to ensure the most efficient resolution of both actions, to preserve judicial and party resources, and to avoid the risk of inconsistent rulings.

**I.      Relevant Background**

**A.      The *Valelly* Action**

In August 2019, Sarah Valelly, a former Merrill customer, initiated the *Valelly* Action against Merrill individually and on behalf of a putative class. (*Valelly* Action, ECF No. 1.)

Ms. Valelly held two self-directed individual retirement accounts with Merrill. (*Valelly* Action, ECF No. 31 at 1–2.) These accounts had a "sweep" feature through Merrill's Retirement Asset Savings Program ("RASP"), whereby uninvested cash was "swept" into a money market account at an affiliated depositary institution to earn interest rather than sit idly in the customer's brokerage account. (*Valelly* Action, ECF No. 55 ¶¶ 1, 91.) Merrill disclosed that it would pay a "reasonable rate" of interest on swept cash "based on economic and business conditions." (*Id.* ¶ 88.) Ms. Valelly alleges that Merrill failed to do so. (*Id.* ¶ 228.)[2]

---

[1] Although the cases were marked related, Judge Caproni declined to accept the *McCrary* Action.

[2] Ms. Valelly also alleges Merrill breached the implied covenant of good faith and fair dealing and the Massachusetts Consumer Protection Law by misleading customers into believing their accounts were "statement linked" when they were not. (*See Valelly* Action, ECF No. 55 ¶¶ 356–71, 384–93.)

**Davis Polk**   The Honorable Analisa Torres

Judge Caproni dismissed Ms. Valelly's initial complaint in full and, in doing so, rejected Ms. Valelly's attempt to plead her reasonable rate claim through comparisons to different products, such as money market mutual funds.  (*Valelly* Action, ECF No. 31 at 12–13.)  Judge Caproni subsequently granted Ms. Valelly leave to amend on limited grounds, but again rejected her attempts to compare RASP rates to rates offered on different products, such as money market mutual funds.  (*Valelly* Action, ECF No. 54 at 4.)

In March 2022, following extensive discovery, Ms. Valelly sought to certify a class of certain RASP customers who allegedly received less than a reasonable rate of interest on their swept cash.  (*Valelly* Action, ECF No. 91 ¶ 1.)  Ms. Valelly submitted an expert report in support of her motion for class certification, which Merrill moved to exclude pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).  (*Valelly* Action, ECF Nos. 95, 112.)  Judge Caproni dismissed Ms. Valelly's class certification motion without prejudice and granted Merrill's *Daubert* motion.  (*Valelly* Action, ECF Nos. 145, 167.)  In granting Merrill's *Daubert* motion, Judge Caproni rejected Ms. Valelly's proposed expert's attempts to compare RASP rates to rates offered on non-sweep products, including government money market mutual funds, because those products "are not the same" as RASP.  (*Valelly* Action, ECF No. 167 at 18–19.)  Ms. Valelly moved for reconsideration, and in rejecting her motion, Judge Caproni, for the fourth time, reiterated that, "as a matter of law, . . . Plaintiff cannot use the interest rate paid on one type of investment vehicle to prove that the interest rate paid on a different type of investment vehicle is not reasonable." (*Valelly* Action, ECF No. 182 at 9–10.)

The Court subsequently ordered the parties to brief summary judgment before revisiting class certification.  (*See Valelly* Action, ECF Nos. 163, 169.)  The parties have done so and also engaged in a second round of expert discovery following the exclusion of Plaintiff's first expert.[3]  Merrill has offered Professor Andrea Eisfeldt, Ph.D., as its proposed expert; she compares RASP to other retirement sweep programs and concludes that the rates Merrill offered were in line with those offered on other like products.  (*Valelly* Action, ECF No. 231-1 ¶¶ 8–13.)  Ms. Valelly has offered Professor Darius Palia, Ph.D., as her latest proposed expert.  (*Valelly* Action, ECF No. 230-1.)  Dr. Palia opines that the rates Merrill offered on swept cash were not reasonable because they were lower than rates offered on other, non-sweep products, including money market mutual funds (*id.* ¶¶ 15–26), even though the Court has rejected Ms. Valelly's attempts to compare RASP to distinguishable products four times.

Merrill and Ms. Valelly have both filed *Daubert* motions (*Valelly* Action ECF Nos. 222, 223), which will be fully briefed on February 23, 2024 (*Valelly* Action, ECF No. 218 at 1).  Upon resolution of the *Daubert* motions, the parties expect Judge Caproni will set a briefing schedule for their anticipated renewed motions for summary judgment.

B.      **The *McCrary* Action**

The *McCrary* Action pending before Your Honor is an extension of the *Valelly* Action.

Plaintiff Margaret McCrary held an individual retirement account with Merrill from October 2020 through March 2023.  (ECF No. 1 ¶ 19, 55.)  As with Ms. Valelly, Ms. McCrary's account included a sweep feature through RASP, and Ms. McCrary alleges that Merrill failed to pay a "reasonable rate" of interest on swept cash, as it had disclosed it would.[4]  (*Id.* ¶¶ 1–4, 200–04.)  Ms. McCrary attempts to support her allegations by comparing RASP rates to those offered on different products that are not comparable sweep products.  (*See id.* ¶¶ 51–195.)  For instance, the complaint makes comparisons to the federal funds rates, the rates paid by online banks, and the rates paid on government money market mutual funds.  (*See id.*)  These

---

[3] Judge Caproni determined that it would be most efficient to resolve the *Daubert* motions before considering summary judgment and therefore dismissed the parties' motions for summary judgment without prejudice.  (*See Valelly* Action, ECF Nos. 213, 218.)

[4] The *McCrary* Action does not assert any claims related to Merrill's statement linking program.

**Davis Polk**    The Honorable Analisa Torres

comparators mirror those offered by Ms. Valelly's proposed expert, Dr. Palia, whose opinion Merrill has moved to exclude.

The *Valelly* and *McCrary* Actions invoke the same legal theory and rest on the same factual allegations. Ms. McCrary is represented by the same counsel as Ms. Valelly.[5]  The only material distinction between these two actions is the class period—Ms. Valelly seeks to represent a putative class of customers who held certain retirement accounts at Merrill from December 15, 2016 to March 15, 2020 (*Valelly* Action, ECF No. 91 ¶ 1), whereas Ms. McCrary seeks to represent a putative class of customers who held retirement accounts at Merrill from March 17, 2022 to present (ECF No. 1 at 1).

## II.    Grounds for Merrill's Anticipated Motion to Stay the *McCrary* Action

Merrill intends to move to stay the *McCrary* Action pending resolution of the *Valelly* Action given the near-complete overlap in legal and factual issues presented in the two putative class actions.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Weidinger v. Djokic*, 2023 WL 4106274, at *2 (S.D.N.Y. June 21, 2023).  When deciding whether to grant a stay, courts consider five factors:  "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."  *Readick v. Avis Budget Grp., Inc.*, 2014 WL 1683799, at *2–3 (S.D.N.Y. Apr. 28, 2014).  Courts applying these factors routinely stay actions pending resolution of an earlier-filed, related action.  *See, e.g.*, *id.* (staying putative class action regarding fees charged on toll devices provided in rental cars pending resolution of an earlier-filed, and further advanced, putative class action regarding those same fees); *Credit Suisse Sec. (USA) LLC v. Laver*, 2019 WL 2325609, at *2–4 (S.D.N.Y. May 29, 2019) (Torres, J.) (staying action pending appeal in related action where "both actions raise the same question" and a stay would preserve judicial resources).

Each of the factors weighs in favor of staying the *McCrary* Action pending resolution of the *Valelly* Action.

**A Stay Will Not Prejudice Ms. McCrary.**  A stay would not prejudice Ms. McCrary because the *Valelly* Action will fully resolve or meaningfully narrow the *McCrary* Action.  The threshold question in both actions is what is an appropriate benchmark to gauge the reasonableness of RASP rates.  And depending on the answer to that question in the *Valelly* Action, Ms. McCrary may have no basis to proceed, the live issues in this action could be materially narrowed, or the parties could negotiate a global resolution.  Courts generally find that plaintiffs are not prejudiced by a stay where, as here, the stay would allow for more efficient resolution of the action.  *See, e.g.*, *Readick*, 2014 WL 1683799, at *4; *Estate of Heiser v. Deutsche Bank Tr. Co. Ams.*, 2012 WL 2865485, at *5 (S.D.N.Y. July 10, 2012), *aff'd*, 2012 WL 5039065 (S.D.N.Y. Oct. 17, 2012).  Moreover, Ms. McCrary's counsel has acknowledged on the record that it would be proper to stay any follow-on action (such as the *McCrary* Action) pending resolution of the *Valelly* Action and that he had initially intended to do so.  (*Valelly* Action, ECF No. 219 (Tr. of Nov. 16, 2023 Conf.) at 6:13–14 ("[M]y intention will be to file a separate complaint.  And then based on discussing it with Mr. Mishkin to stay that action."); *id.* at 7:17–19 ("[M]y sense is to hold [any follow-on action] generally in abeyance while we complete the litigation on the first case.  That's at least my objective.").)

**Absent a Stay, Merrill Will Be Prejudiced by Potentially Premature Litigation Burdens.**  If the *McCrary* Action were not stayed, Merrill would be forced to expend time and resources prematurely (and potentially unnecessarily) litigating this action even though many (and perhaps all) of the issues in this action will be disposed of in the *Valelly* Action.  Many of the key issues in this action—including the threshold question

---

[5] Davis Polk & Wardwell LLP represents Merrill in both actions.

about the proper benchmark—have been litigated and relitigated in the *Valelly* Action and are awaiting further rulings.  For instance, Ms. Valelly's latest proposed expert has suggested that government money market mutual funds are apt comparators to RASP notwithstanding Judge Caproni's repeated rejection of that product as a comparator.  Because the disposition of the *Valelly* Action "may significantly narrow, if not eliminate, the issues remaining in this case," it would be a "waste [of] the parties' resources" to proceed with the *McCrary* Action now.  *Cf. HAHA Glob., Inc. v. Barclays*, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020); *see also Fried v. Lehman Bros. Real Est. Assocs. III, L.P.*, 2012 WL 252139, at *5 (S.D.N.Y. Jan. 25, 2012) (staying action pending related action that "may affect the progress and disposition of this lawsuit" because the parties would be prejudiced if forced to incur "the extra litigation costs of duplicative suits").

**A Stay Is Warranted to Avoid Inconsistent Rulings.**  Judicial harmony and economy weigh in favor of a stay.  As discussed, the crux of both actions is whether the interest rates paid on RASP were "reasonable."  Allowing the *McCrary* Action to proceed poses a risk of inconsistent rulings.  For example, the *Valelly* Court has already rejected, in four separate rulings, government money market mutual funds as a benchmark against which the reasonableness of RASP rates can be properly assessed.  (*See Valelly* Action, ECF No. 182 at 9–10; ECF No. 167 at 18–19; ECF No. 54 at 4; ECF No. 31 at 12–13.)  But the *McCrary* complaint nonetheless identifies them as one comparator that purportedly demonstrates the alleged "unreasonableness" of Merrill's RASP rates.  (ECF No. 1 ¶ 7.)  Were Your Honor to reach a different conclusion regarding the comparability of government money market mutual funds, the *McCrary* Action could have an entirely different outcome than the *Valelly* Action, even though the two arise from the same facts.  Courts routinely find a stay warranted where, as here, it is necessary to avoid the risk of conflicting rulings.  *See, e.g.*, *Readick*, 2014 WL 1683799, at *5 (staying a putative class action where it and a related action "involve[d] substantially duplicative claims" such that there was "some potential for inconsistent adjudications"); *Houston Cas. Co. v. Andrew Smith Co.*, 2022 WL 16840237, at *4 (S.D.N.Y. Oct. 28, 2022) (Torres, J.) (staying action pending resolution of related actions involving "considerable overlap of factual and legal issues" because "[r]uling prematurely here would add confusion, not clarity").

**A Stay Will Best Serve the Interests of Non-Parties.**  A stay will also serve the interests of non-parties by "conserv[ing] judicial resources[,] promot[ing] judicial economy," *Albert v. Blue Diamond Growers*, 232 F. Supp. 3d 509, 513 (S.D.N.Y. 2017), and "minimiz[ing] the possibility of conflicts between different courts," *Whyble v. Nature's Bounty's Co.*, 2022 WL 46673, at *3 (S.D.N.Y. Jan. 5, 2022).

**A Stay Will Serve the Public Interest.**  Finally, and for many of the same reasons, a stay will serve the public interest.  "[C]onsiderations of judicial economy are frequently viewed as relevant to the public interest, and, as noted, they weigh against the investment of court resources that may prove to have been unnecessary."  *Readick*, 2014 WL 1683799, at *6 (quoting *Estate of Heiser*, 2012 WL 2865485, at *5).

*       *       *

Merrill respectfully requests that the Court order a stay of the *McCrary* Action pending resolution of the *Valelly* Action or schedule a pre-motion conference regarding Merrill's anticipated motion to stay, which Merrill understands Ms. McCrary intends to oppose.  Merrill also respectfully requests that Your Honor stay Merrill's deadline to answer or otherwise respond to the complaint until 60 days after resolution of this motion or after the stay is lifted.  Counsel for Ms. McCrary has indicated that it does not object to this portion of Merrill's request.

**Davis Polk**   The Honorable Analisa Torres

Respectfully submitted,

*/s/ Paul S. Mishkin*

Paul S. Mishkin

cc:     All Counsel of Record (via ECF and Electronic Mail)