```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/20/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARGARET McCRARY,

        Plaintiff,

-against-

MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,

        Defendant.

23-CV-10768 (VM) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Now before me, on referral from Judge Marrero (Dkt. 26), is the parties' joint letter dated April 26, 2024 (Joint Ltr.) (Dkt. 25), raising a discovery dispute. For the reasons that follow, defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated (Merrill) must answer plaintiff Margaret McCrary's interrogatories no later than two weeks from the date of this Order.

Plaintiff McCrary, suing on behalf of herself and others similarly situated, challenges the interest rates paid on Merrill's Retirement Asset Saving Program (RASP) cash sweep feature. Plaintiff alleges that the rates are unreasonably low and in breach of Merrill's agreement to pay "no less than a reasonable rate." Joint Ltr. at 1.

The present dispute turns on the meaning of the parties' February 20, 2024 agreement concerning certain discovery protocols, which Judge Marrero so-ordered on February 21, 2024, giving it the force of law. The parties agreed that defendant's deadline to respond to the complaint would be stayed until 30 days after the resolution of certain *Daubert* motions in a similar case, known as the *Valelly* Action, now pending before Judge Caproni of this Court. *See* Stay Order (Dkt. 24) ¶ 1. In the meantime, limited written discovery would go forward. As relevant here, the Stay Order required that the parties serve their initial disclosures within 25 days, serve their "initial discovery requests" within 30 days, and "serve written responses to the discovery requests" within

30 days of service, with the proviso that "document production will not commence until the stay described herein is lifted." *Id*. ¶¶ 4-6.

Merrill served its "Responses and Objections to Plaintiff's First Set of Interrogatories" on April 26, 2024. Joint Ltr. Ex. A (Dkt. 25-1).[1] The title, however, is something of a misnomer. Although Merrill agreed to answer several of the interrogatories, it withheld the answers themselves, refusing to provide any of the requested information "until the Stay has been lifted." *Id*. at 2. Thus, for example, in response to Interrogatory No. 5 (which asked defendant to identify "all Persons . . . who provided or sought instructions, guidance, advice, or opinions regarding the setting of interest rates under Merrill's Sweep Programs"), Merrill sets forth a number of objections, after which it writes:

> Subject to and without waiving the foregoing general and specific objections, Merrill will identify persons with knowledge of the process for setting interest rates in connection with RASP from the period of March 17, 2022 through March 22, 2024.

*Id.* at 10-11. However, it concludes:

> Merrill will not identify any persons in response to this Interrogatory until the Stay has been lifted.

*Id.* at 11.

In response to plaintiff's demand for interrogatory answers, Merrill took the position – and now argues to this Court – that the Stay Order "expressly contemplates that the parties would not exchange substantive discovery until the stay is lifted," Joint Ltr. at 6, and thus that it "has no obligation" to "provide substantive responses to Plaintiff's discovery requests until after the stay is lifted." *Id*.; *see also id*. at 7 ("Merrill never agreed to provide substantive discovery in the *McCrary*

---

[1] Plaintiff served sixteen interrogatories. The first four seek the number of retirement plan accounts in various categories, and the interest rates paid on those accounts. *See* Joint Ltr. Ex. A at 7-10. The remaining twelve interrogatories ask Merrill to identify the individuals involved in various aspects of its RASP program, including setting the challenged interest rates. *Id*. at 11-19.

Action at this early stage[.]"). In Merrill's view, it did not agree to provide "substantive discovery" until, "at the earliest, some point after the *Daubert* motions were resolved in the *Valelly* Action because the outcome of those motions will narrow this action, potentially substantially." *Id*. at 6. Thus, Merrill argues, compelling it to answer the interrogatories now would "unduly burden [it] by requiring it to offer discovery on products or programs Judge Caproni has ruled (or may rule) are irrelevant." *Id*.

Merrill appears to be misreading the Stay Order, which does not, in fact, exempt the parties from providing "substantive discovery" pending the *Daubert* rulings in *Valelly*. The term "substantive discovery" appears nowhere in the Stay Order. Rather, its plain language requires the parties to serve their "initial disclosures" (which are surely "substantive," *see* Fed. R. Civ. P. 26(a)(1)(A)(i)-(iv)), followed by their "initial discovery requests," followed by "written responses" to one another's written discovery requests, exempting only "document production." Stay Order ¶¶ 4-6. The Federal Rules of Civil Procedure require a party served with interrogatories to "respond" by serving "its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). Thus, by agreeing to serve "written responses" to one another's interrogatories, the parties agreed – and are now required – to serve both their objections and their "answers." *Id*.; *see also* Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.").

Merrill may regret having agreed to these terms. However, its burden argument (ungrounded in any specific interrogatory) is misplaced at this stage of the case, where the question before the Court is not what a prospective stay order *should* say but what the Stay Order issued by this Court *actually says*. Having agreed to serve its "written responses" to plaintiff's interrogatories, with no carve-outs or exceptions, Merrill must now do just that.

3

Consequently, it is hereby ORDERED that defendant Merrill serve its answers to Plaintiff's First Set of Interrogatories, under oath, no later than two weeks from the date of this Order.[2] The Clerk of Court is respectfully directed to close the motion at Dkt. 25.

Dated: New York, New York
May 20, 2024        SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[2] Nothing in this Order should be construed as a ruling with respect to any of Merrill's objections to specific interrogatories. To the extent the interrogatories are "not objected to," however – that is, to the extent Merrill has already agreed that it will provide information in response to certain interrogatories – it must do so within two weeks, without awaiting the *Daubert* rulings in *Valelly*.