USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARGARET McCRARY,<br><br>　　　　　　　　　Plaintiff,<br><br>　- against -<br><br>MERRILL LYNCH, PIERCE, FENNER &<br>SMITH INCORPORATED,<br><br>　　　　　　　　　Defendant. | **23-CV-10768 (VM)**<br><br>**ORDER** |

**VICTOR MARRERO**, United States District Judge.

　　　On October 30, 2024, Safron Capital Corporation and Brickman Investments Inc. moved before the Judicial Panel on Multidistrict Litigation (the "JPML") to consolidate and transfer twenty-one class action lawsuits, including the above-captioned action, involving allegations of unreasonably low interest rates on cash sweep programs. (See "Motion to Consolidate," Dkt. No. 1, In re: Cash Sweep Programs Contract Litigation (MDL No. 3136).) Plaintiff Margaret McCrary ("McCrary") and Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") separately opposed the Motion to Consolidate. (See Dkt. Nos. 68, 74, In re: Cash Sweep Programs.) Thereafter, the JPML scheduled a hearing on consolidation for January 30, 2025. (See Dkt. No. 100, In re: Cash Sweep Programs.) Pending before this Court is Merrill Lynch's Motion to Strike and Stay Discovery (see Dkt. No. 33),

1

which is fully briefed (see Dkt. Nos. 38-39). In light of the foregoing, the Court hereby stays discovery and other proceedings in the above-captioned action pending the resolution of the Motion to Consolidate before the JPML.

This Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012) (quotation omitted). In the MDL context, "[c]ourts in this Circuit consider five factors in deciding whether a stay is appropriate: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp., 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) (quotation omitted). "It is common for courts to stay an action pending a transfer decision by the JPML." Id.

The Court finds that all five factors weigh in favor of a stay. First, the hearing for consolidation will be "relatively soon" and "a short stay will not prejudice

2

plaintiff." Gallagher v. Boehringer Ingelheim Pharms., Inc., No. 22-CV-10216, 2023 WL 402191, at *9 (S.D.N.Y. Jan. 25, 2023) (quotation omitted). Second, permitting this action to move forward when it may be transferred to the MDL would prejudice Defendant "by creating the risk [it] will be subject to duplicative proceedings." Id. (quotation omitted). Finally, the remaining factors support a stay, most notably because "a stay serves the judicial and public interest in letting the JPML decide if the interests in efficiency and economy favor consolidation and transfer." Gen. Elec. Cap. Corp., 87 F. Supp. 3d at 471.

For the foregoing reasons, the Court stays discovery and other proceedings in the above-captioned action pending the resolution of the Motion to Consolidate before the JPML. The Court directs the parties to promptly update the Court as to any rulings from the JPML.

**SO ORDERED.**

Dated:   16 December 2024
         New York, New York

_____
Victor Marrero
U.S.D.J.

3